## Chicago Addition Mangle Company, Appellee, v. W. H. Lutes Company, Appellant.

### Gen. No. 14,801.

EVIDENCE—*when offer of proof upon cross-examination improper.* An offer to prove a matter upon the cross-examination of a witness is improper if the subject-matter of such offer was not competent upon cross-examination.

Chicago Add. Mangle Co. v. Lutes Co., 152 Ill. App. 329.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed January 18, 1910.

BOYLE, MOTT & HAIGHT, for appellant.

HOYNE, O'CONNOR, HOYNE & IRWIN, for appellee.

MR. JUSTICE MACK delivered the opinion of the court.

Plaintiff, appellee, sold laundry machinery to appellant, whose president Lutes had formerly been connected with it. In March, 1905, plaintiff's manager Gilbert had prepared and signed and delivered to Lutes two copies of an agreement fixing the prices of the goods, but despite repeated requests had never received back either of them signed by defendant. Nevertheless goods ordered were sold at the prices fixed in the document. Towards the end of 1906, plaintiff complained that the prices were too low, and according to Gilbert's testimony, it was then agreed that they should be advanced 10%, defendant charging its customers the same advance. Lutes denied such an agreement but admitted on cross-examination that Gilbert had proposed it and that he was satisfied to do so if he could get his price. Subsequently machines were sold to defendant and billed at the advanced price. Lutes, moreover, at about the time of the advance, wrote to a customer, notifying him that goods had been advanced more than 10%. Invoices were always rendered at the time of delivery; a statement was rendered on the first of each month for the balance then due. Defendant never made any objection to the amount of the invoices, but on the contrary repeatedly promised to pay the balance claimed until just before this suit.

Plaintiff sued under the common counts for $1,652.56 and interest thereon. Defendant admitted owing $1,449.36, less certain overcharges evidence of which was excluded. The court without objection fixed

$1,735 as the maximum and $1,449.36 as the minimum verdict. The jury returned a verdict for $1,596.31.

Appellant says in its brief that it does not purpose to complain so far as items, other than the alleged overcharges, are concerned.

It complains particularly, first, that there was no sufficient proof of a final account stated; second, that in the absence thereof, evidence that it had paid $1,433.75 instead of $1,040 for two machines, at a time prior to the beginning of and not included in the account sued on, as an overpayment for plaintiff's convenience, should have been admitted and the difference allowed as a set-off under defendant's plea of the common counts; third, that evidence of the personal animosity between Gilbert and Lutes should have been admitted.

We find no merit in appellant's contentions. The jury were instructed orally, without any objection, and fairly on all issues. They were fully justified under the evidence in finding an account stated or in rendering a verdict based on goods sold and delivered for an amount in excess of that allowed by them.

A specific offer of evidence of overcharges was excluded but this offer was made during the cross-examination of plaintiff's witness, and was improper as cross-examination, inasmuch as it was offered solely to sustain defendant's plea of set-off. Subsequently defendant was permitted to ask its own witnesses in regard to this matter, but the testimony was so vague and indefinite that the court properly ordered it stricken out. Defendant's counsel at the time said that "the evidence is not as clear as I expected it to be." There was no error in the court's ruling.

The troubles, if any, between Gilbert and Lutes were not pertinent either to the main issues or to the question of Gilbert's credibility. Evidence bearing on them was properly excluded.

The judgment will be affirmed.

*Affirmed.*